William **FRESCHI**, Jr., as Trustee of William Freschi Trust, Plaintiff-Appellee, Cross-Appellant,

v.

**GRAND COAL VENTURE**, Bandler & Kass, Ground Production Corporation, William J. Werner, Jack Mitnick, Robert Sylvor, H. Jean Baker and William Sherr, Defendants-Appellants, Cross-Appellees.

Nos. 487, 509 and 661, Dockets 84–7726, 84–7740 and 84–7764.

United States Court of Appeals, Second Circuit.

On Petition for Rehearing Dec. 1, 1986.

Before MANSFIELD, NEWMAN, and PECK,\* Circuit Judges.

PER CURIAM:

Defendants-appellants-cross-appellees petition for rehearing of our decision of September 4, 1986, 800 F.2d 305. That decision, entered upon remand from the Supreme Court, modified our original decision of July 5, 1985, 767 F.2d 1041, in two respects. First, we eliminated a reduction that we had previously made in the amount of the remittitur offer to reflect tax benefits; we thereby confirmed the amount of the remittitur as ordered by the District Court. Second, we directed the District Court to afford the plaintiff an opportunity to amend his complaint to add a civil RICO claim.

On petition for rehearing, the defendants seek reconsideration of the ruling permitting an opportunity to add a civil RICO claim. Though acknowledging the force of the Supreme Court's ruling in *Sedima, S.P. R.L. v. Imrex Company*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1986), defen-

---

sitting by designation.

dants contend that the plaintiff has lost the opportunity to pursue a RICO claim because of the manner in which he advanced his RICO contention to this Court on the original appeal. On that appeal, the plaintiff's argument concerning the District Court's rejection of his RICO claim was included as one of several contentions advanced in his cross-appeal. Part V of plaintiff's brief, the portion arguing the issues on the cross-appeal, was captioned, "IF JUDGMENT OF DISTRICT COURT IS NOT AFFIRMED, PLAINTIFF'S CROSS APPEAL MUST BE CONSIDERED." The first sentence of this section of the brief acknowledged that there could be no cross-appeal unless this Court determined that any part of the remittitur offer was to be altered. Section E of Part V of the brief, concerned specifically with restoration of the RICO claim, was captioned, *"If a New Trial is Ordered, the Plaintiff's Motion to Amend the Complaint to Add a RICO Count should be Allowed."*

Plaintiff thus advanced his RICO contention to this Court conditionally, as a matter to be considered only in the event that the remittitur amount was altered and a new trial ordered. The conditional nature of plaintiff's RICO argument was expressly noted in our original opinion. 767 F.2d at 1046 n. 4.

Once our ruling on remand restored the full amount of the remittitur offer, as specified by the District Court, the condition for plaintiff's cross-appeal was unsatisfied: there is no alteration of the remittitur amount and no order for a new trial. We see no reason to relieve plaintiff of the representations made to this Court on the original appeal, restricting the RICO contention as one to be advanced only upon the occurrence of specified events. Since those events have not and will not occur, the cross-appeal should not have been entertained in our September 4, 1986, decision.

Accordingly, the petition for rehearing is granted, and our decision of September 4, 1986, is amended to delete the instruction to the District Court to afford the plaintiff an opportunity to present a motion to amend the complaint to add a civil RICO claim.